**NIXON PEABODY LLP**
Amanda D. Darwin, Esq. (AD 2719)
Richard C. Pedone, Esq. *(Admitted Pro Hac Vice)*
100 Summer Street
Boston, MA 02110
Telephone: (617) 345-1000

- and -

Christopher M. Desiderio, Esq. (CD 6929)
437 Madison Avenue
New York, NY 10022
Tel. (212) 940-3000

Attorneys for Wilmington Trust FSB as Indenture Trustee

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CALPINE CORPORATION, *et al.*, ) | Case No. 05-60200 (BRL) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |
| WILMINGTON TRUST FSB ) | |
| AS INDENTURE TRUSTEE ) | |
| ) | |
| Appellant, ) | |
| ) | |
| -against- ) | |
| ) | |
| CALPINE CORPORATION, *et al.,* ) | |
| ) | |
| Appellees. ) | |

### STATEMENT OF ISSUES ON APPEAL OF DOCKET NO. 3972 AND
### DESIGNATION OF ITEMS TO BE INCLUDED IN
### THE RECORD ON APPEAL OF
### WILMINGTON TRUST FSB, AS INDENTURE TRUSTEE

Wilmington Trust FSB, acting solely in its capacity as Indenture Trustee (the "First

Priority Indenture Trustee"), for the First Priority Secured Floating Rate Notes due 2009, issued

on or about March 23, 2004, by Calpine Generating Company, LLC and CalGen Finance Corp.

10361087.1

in the original aggregate principal amount of $235,000,000.00 pursuant to that certain Indenture

dated March 23, 2004 (the "First Priority Indenture"), by and through its counsel, Nixon

Peabody LLP, hereby states the issues presented and designates the record on appeal to the

United States District Court for the Southern District of New York from the Order dated March

12, 2007 Authorizing Debtors to Obtain Post-Petition Financing Pursuant To 11 U.S.C. §§ 105,

361, 362, 364(c)(1), 362(c)(2), 364(c)(3), 364(d) and 364(e) (**Docket No. 3972**).[1]

I.    **STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL**[2]

1.    Did the Bankruptcy Court err when it found that the Replacement DIP Facility

was in the best interests of the Debtors' estates?

2.    Did the Bankruptcy Court err when it authorized the Debtors to borrow pursuant

to the Replacement DIP Facility without finding that the Replacement DIP Facility was in the

best interests of the CalGen Debtors and the creditors of the CalGen Debtors, including, without

limitation, the CalGen Lenders?

---

[1]    The First Priority Indenture Trustee has filed Notices of Appeal relating to the Memorandum Decision and Order dated March 5, 2007, Granting, in Part, Debtors' Motion for an Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (A) Refinance Existing Postpetition Financing and (B) Repay Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and (III) Determining Value of Secured Claims (**Docket No. 3875**); the Order dated March 12, 2007 (I) Granting Debtors Limited Objection to Claim Numbers 2664, 3275, 3393, Through 3421 (Inclusive), 3546 Through 3554 (Inclusive), 3586 Through 3588 (Inclusive), 3731, 4073, 5653 Through 5730 (Inclusive), 5791, and 5792; (II) Determining the Value of the CalGen Secured Debt Pursuant to Rule 3012 of the Federal Rules of Bankruptcy Procedure; and (III) Authorizing Repayment of CalGen Secured Debt (**Docket No. 3970**); and, Order dated March 12, 2007 Authorizing Debtors to Obtain Post-Petition Financing Pursuant To 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 362(c)(2), 364(c)(3), 364(d) and 364(e) (**Docket No. 3972**). See Docket nos. 4020, 4018, and 4019, respectively.  Given the similarity of issues raised in the prior Notices of Appeal and for the administrative convenience of the parties and the Court, the First Priority Indenture Trustee plans to request that the District Court procedurally consolidate these appeals and treat them as one appeal for all purposes, including, without limitation, record designation and briefing.

[2]    To the extent that capitalized terms are not defined herein, they shall take the meanings ascribed to them in the First Priority Indenture Trustee's Objection to the Debtors' Motion for Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (A) Refinance Existing Postpetition Financing and (B) Repay the Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and (III) Determining Value of Secured Claims (Docket No. 3692).

10361087.1

3.      Did the Bankruptcy Court err when it found that each of the CalGen Debtors satisfied the requirements of the Bankruptcy Code for entry into the Replacement DIP Facility, including, without limitation, when the Bankruptcy Court: (a) found that the CalGen Debtors satisfied each of the requirements set forth in 11 U.S.C. § 364; and (b) made, with regard to each CalGen Debtor, the "Findings Regarding the Financing" contained in Paragraph No. 3 of the Order Authorizing Replacement DIP Facility?

4.      Did the Bankruptcy Court err when it found that each of the CalGen Debtors negotiated the Replacement DIP Facility in good faith, in the exercise of prudent business judgment, and that the lenders for the Replacement DIP Facility are entitled to the protections of 11 U.S.C. § 364(e) *vis-à-vis* the CalGen Debtors, where: (i) there was no evidence presented that any authorized representative of the CalGen Debtors actually participated in any negotiations concerning the Replacement DIP Facility while acting in the capacity as an agent for the CalGen Debtors; and/or (ii) there was no evidence that the CalGen Debtors, which are substantial lenders to the other Debtors in these cases, actually need or needed any new financing and (iii) the Bankruptcy Court repeatedly precluded the examination of the Debtors' sole witness on the reasons that purportedly supported the decision to enter into the Replacement DIP Facility?

5.      Did the Bankruptcy Court err when it granted a lien to the Collateral Agent (as defined in the Debtors' Replacement DIP Motion) for the benefit of itself, the Agent, and the DIP Lenders without first determining that the interests of the CalGen lienholders were adequately protected as required by § 364(d)(1)?

6.      Did the Bankruptcy Court err in ordering that the claims of the Indenture Trustee would be expunged upon payment of the "Repayment Amounts" (as defined in the Claims Order)?

- 3 -

7.     Did the Bankruptcy Court err in ordering that the claims of the First Priority Indenture Trustee would be expunged upon payment of the Repayment Amounts where various Debtor affiliates of the CalGen Debtors expressly guaranteed all obligations of the CalGen Debtors?

8.     Did the Bankruptcy Court err in failing to apply the proper measure of damages in determining the claims of the First Priority Indenture Trustee arising out of the Debtors' breaches of the "no call" and prepayment provisions of the First Priority Indenture?

9.     Did the Bankruptcy Court err when it found that the "damages" claims of First Priority Indenture Trustee should be treated as unsecured claims when the First Priority Lien Documents (as defined in the First Priority Indenture) provide that all obligations of the CalGen Debtors to the CalGen Lenders are secured obligations?

10.     Did the Bankruptcy Court err when it found that damages of 2.5% were a reasonable proxy of actual damages to award the First Priority Indenture Trustee for the Calgen Debtors' breach of the prohibitions against prepayment, instead of awarding the actual damages proven at trial through the affidavit and testimony of Steven Darr whose testimony was not controverted?

11.     Did the Bankruptcy Court err when it held that "no-call" provisions contained in the First Priority Indenture and the notes issued thereunder are unenforceable in bankruptcy?

12.     Did the Bankruptcy Court err in deferring a ruling on default interest due to the First Priority Indenture Trustee which was over-secured, where default interest is explicitly provided for in the First Priority Indenture and the other First Priority Lien Documents and thus an allowable portion of a secured claim under 11 U.S.C. § 506 where all issues relevant to such a determination were either before the Court or could have been before the Court had it not

repeatedly precluded the introduction of further evidence of CalGen's solvency, and denied the Emergency Motion of Manufacturers & Traders Trust Company To Adjourn Hearing (Dkt. No. 3771) and First Priority Indenture Trustee's Joinder thereto (Dkt. No. 3774) and denied First Priority Indenture Trustee's Motion to Compel Production or to Preclude Entry of Evidence (the "First Priority Indenture Trustee Discovery Motion") (Dkt. No. 3777)?

13.     Did the Bankruptcy Court err when it modified the fees, expenses and other amounts that First Priority Indenture Trustee is entitled to receive in light of numerous facts entitling First Priority Indenture Trustee to timely payment of all of its fees and expenses provided for in the First Priority Lien Documents, including, without limitation, the fact that: (i) the First Priority Indenture Trustee is over-secured and, thus, entitled to all amounts provided for in the First Priority Indenture and the other First Priority Lien Documents pursuant to 11 U.S.C. § 506; (ii) no determination of the amount of default interest will have been made; and (iii) First Priority Indenture Trustee's duties as an indenture trustee will continue because the prepayment premium will not have been paid and numerous other issues remain outstanding?

14.     Did the Bankruptcy Court err and deprive the First Priority Indenture Trustee and the holders of the first lien debt issued pursuant to the provisions of the First Priority Indenture of their constitutional due process rights when the Bankruptcy Court authorized the prepayment of the amounts due on such first lien debt outside of a plan of reorganization and in breach of the "no call" provision?

15.     Did the Bankruptcy Court err when it failed to find that the prepayment of the first lien debt was voluntary, which finding would have required a finding that the Debtors could only escape compliance with the "no call" provision through a plan of reorganization?

16.    Did the Bankruptcy Court err when it found that proper notice of the objection deadline and hearing on the Refinancing Motion, the objections to claims contained therein, and the lien modification requests contained therein, had been given where no notice was provided to the holders of the debt issued under the First Priority Indenture and where the request for the lien modification was made on motion instead of in an adversary proceeding?

17.    Did the Bankruptcy Court err when it entered the Order Authorizing Debtors to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 351, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d) and 364(e) ("Order Authorizing Replacement DIP Loan") and Order (I) Granting Debtor's Limited Objections to Claims Numbers 2664, 3275, 3393 through 3421 (Inclusive), 3546 through 3554 (Inclusive), 3586 through 3588 (Inclusive), 3731, 4073, 565325730 (Inclusive), 5791, and 5792; (II) Determining the Value of the CalGen Secured Debt Pursuant to Rule 3012 of the Federal Rules of Bankruptcy Procedure; and (III) Authorizing the Repayment of CalGen Secured Debt (the "Claims Order"), each of which purports to alter the obligations secured by the liens granted to the Collateral Agent and modifies those liens?

18.    Did the Bankruptcy Court err where it entered orders purporting to alter the liens granted to the Collateral Agent where the issue was joined by motion instead of an adversary proceeding?

## II.    DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

1.    Affidavit of Eric N. Pryor Pursuant to Local Bankruptcy Rule 1007-2 filed December 21, 2005 (Docket No. 2)[3]

2.    Motion for Order Authorizing Debtors to (I) Continue to Use Existing Cash Management System and Bank Accounts; (II) Continue Intercompany Transactions and Provide Administrative Priority Status to Postpetition Intercompany Claims; (III) Continue to Use Existing Checks and Business Forms and (IV) Continue to Use Existing Investment Practices filed December 21, 2005 (Docket No. 11)

3.    Emergency Motion for (I) Interim Orders (A) Authorizing the Debtors to (1) Obtain Postpetition Secured Financing Pursuant to 11 U.S.C. Sections 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3) and 364(e), (2) Utilize Cash Collateral Pursuant to 11 U.S.C. Section 363, and (3) Provide Adequate Protection to Certain Prepetition Lenders Pursuant to 11 U.S.C. Sections 361, 362 and 363 and (B) Scheduling Final Hearing Pursuant to Fed. R. Bankr. P. 4001(b) and (c) and (II) Final Orders (A) Authorizing Debtors to (1) Obtain Postpetition Secured Financing Pursuant to 11 U.S.C. Sections 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3) and 364(e), (2) Utilize Cash Collateral Pursuant to 11 U.S.C. Section 363, (3) Provide Adequate Protection to Certain Prepetition Lenders Pursuant to 11 U.S.C. Sections 361, 362 and 363, (3) Assume the Geysers Agreement Pursuant to 11 U.S.C. Section 365(a) and Consummate the Transactions Contemplated Thereby Pursuant to Section 363(b) and (4) Assume the Agnews Lease Documents Pursuant to 11 U.S.C. Section 365(a) filed by Matthew Allen Cantor on behalf of Calpine Corporation. filed December 21, 2005 (Docket No. 18)

4.    Final Order Authorizing Debtors to (I) Continue to Use Existing Cash Management System and Bank Accounts; (II) Continue Intercompany Transactions and Provide Administrative Priority Status to Postpetition Intercompany Claims; (III) Continue to Use Existing Checks and Business Forms and (IV) Continue to Use Existing Investment Practices filed January 26, 2006 (Docket No. 629)

5.    Final Order Authorizing Debtors to Obtain Post-Petition Financing Pursuant to 11 U.S.C. Sections 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), and 364 filed January 26, 2006 (Docket No. 635)

6.    Final Order Authorizing Debtors to Obtain Post-Petition Financing Pursuant to 11 U.S.C. Sections 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), and 364(e) signed February 22, 2006 (Docket No. 864)

---

[3]    All designations include any and all exhibits, affidavits, declarations, proposed orders, and/or any other attachments to such document even if such reference is not made herein.

7.    Second Amended Order Authorizing Use of Cash Collateral and Granting Adequate Protection filed February 24, 2006 (Docket No. 881)

8.    Debtors' Motion for Entry of an Order Pursuant to Bankruptcy Rule 3003(c)(3) Establishing Deadline for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof filed April 14, 2006 (Docket No. 1256)

9.    Affidavit of Service Debtors' Motion for Entry of an Order Pursuant to Bankruptcy Rule 3003(c)(3) Establishing Deadline for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof filed April 20, 2006 (Docket No. 1298)

10.    Order Setting Last Day to File Claims and Approving the Form and Manner of Notice Thereof dated April 26, 2006 (Docket No. 1348)

11.    Notice of Presentment of Stipulation And Order Relating To Certain Debt Claims filed June 28, 2006 (Docket No. 2062)

12.    Affidavit of Service of Notice of Presentment of Stipulation And Order Relating To Certain Debt Claims filed July 3, 2006 (Docket No. 2107)

13.    So Ordered Stipulation Relating To Certain Debt Claims signed July 11, 2006 (Docket No. 2193)

14.    So Ordered Stipulation Allowing (I) Wilmington Trust FSB, as Indenture Trustee, (II) HSBC Bank USA, National Association, as Successor Indenture Trustee, (III) Manufacturers Traders & Trust Company, as Successor Indenture Trustee, and (IV) Wilmington Trust Company, as Collateral Agent, to File a Master Proof of Claim Under One Case Number, On Behalf of Themselves and The Holders of Certain CalGen Notes dated July 27, 2006 (Docket No. 2352)

15.    Affidavit of Service of Stipulation Allowing (I) Wilmington Trust FSB, as Indenture Trustee, (II) HSBC Bank USA, National Association, as Successor Indenture Trustee, (III) Manufacturers Traders & Trust Company, as Successor Indenture Trustee, and (IV) Wilmington Trust Company, as Collateral Agent, to File a Master Proof of Claim Under One Case Number, On Behalf of Themselves and The Holders of Certain CalGen Notes filed August 1, 2006 (Docket No. 2397)

16.    Debtors' Motion to Modify Cash Collateral Order to Effect Project Intercompany Loan Transfers filed December 8, 2006 (Docket No. 3237)

17.    Agreed Order Modifying Cash Collateral Order to Effect Project Intercompany Loan Transfers filed December 20, 2006 (Docket No. 3314)

18.    Order Modifying Cash Collateral Order to Pay Adequate Protection filed December 28, 2006 (Docket No. 3341)

19.    Amended Order Modifying Cash Collateral Order to Pay Adequate Protection filed January 12, 2007 (Docket No. 3397)

10361087.1

20.     Calpine Corporation's January 2007 Report On Status Of Reorganization filed on January 16, 2007 (Docket No. 3406)

21.     Amended Agreed Order Modifying Cash Collateral Order to Effect Project Intercompany Loan Transfers filed January 18, 2007 (Docket No. 3423)

22.     Debtors' Seventh Omnibus Objection to Proofs of Claim (Equity Interest Claims, Beneficial Noteholder Claims, Insufficient Support Claims, Amended/Replaced Claims, Duplicative Claims and CalGen No Basis Claims) filed January 26, 2007 (Docket No. 3480)

23.     Debtors' Motion for Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (A) Refinance Existing Postpetition Financing and (B) Repay Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and (III) Determining Value of Calpine Corporation filed January 26, 2007 (Docket No. 3481)

24.     Affidavit of Service of Luis N. Valdivia for (1) Notice of Filing of Proposed Form of Second Amended Final Order Authorizing Retention of Miller Buckfire & Co., LLC as Financial Advisors and Investment Bankers for the Debtors; and (2) Notice of Debtors' Motion for Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (A) Refinance Existing Postpetition Financing and (B) Repay Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and (III) Determining Value of Secured Claims February 1, 2007 (Docket No. 3537)

25.     Order (i) Authorizing Free and Clear of all Liens, Claims, Encumbrances and Other Interests (A) The Transfer By Calpine Corporation To Goldendale Energy Center, LLC Of Certain Assets Relating To The Goldendale Project, (B) The Contribution Of Substantially All Of The Assets Of Goldendale Energy Center LLC To A Newly Formed Limited Liability Company, (C) The Sale Of All Of The Membership Interests In The Newly Formed Limited Liability Company To Puget Sound Energy, Inc., (D) The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases In Connection Therewith; And (ii) Granting Related Relief signed February 7, 2006 (Docket No. 3606)

26.     Objection of Beal Bank Nevada to Debtors' Motion for Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing and (B) Repay Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and (III) Determining Value of Secured Claims filed February 16, 2007 (Docket No. 3689)

27.     Objection of Wilmington Trust Company as Collateral Agent to the Debtors' Motion for Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (A) Refinance Existing Postpetition Financing and (B) Repay the Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and (III) Determining Value of Secured Claims filed February 16, 2007 (Docket No. 3690)

28.     Objection of Wilmington Trust Company as Administrative Agent to the Debtors'
        Motion for Order (I) Authorizing Debtors to Obtain Replacement Postpetition
        Financing to (A) Refinance Existing Postpetition Financing and (B) Repay the
        Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and (III)
        Determining Value of Secured Claims filed February 16, 2007 (Docket No. 3691)

29.     Objection of Wilmington Trust FSB as Indenture Trustee to the Debtors' Motion
        for Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to
        (A) Refinance Existing Postpetition Financing and (B) Repay the Prepetition Debt;
        (II) Allowing Debtors' Limited Objection to Claims; and (III) Determining Value
        of Secured Claims filed February 16, 2007 (Docket No. 3692)

30.     Response of HSBC Bank USA, National Association, as Indenture Trustee, (A) In
        Opposition to Debtors' Motion for Approval of Refinancing, (B) In Opposition to
        Debtors' Limited Objection to Indenture Trustee's Claim on behalf of Second Lien
        Noteholders, and (C) in Support of Indenture Trustee's Cross-Motion for
        Allowance of Claims filed February 16, 2007 (Docket No. 3694)

31.     Affidavit of Jason J. Jack in Support of Response of HSBC Bank USA, National
        Association, as Indenture Trustee, (A) In Opposition to Debtors' Motion for
        Approval of Refinancing, (B) In Opposition to Debtors' Limited Objection to
        Indenture Trustee's Claim on behalf of Second Lien Noteholders, and (C) In
        Support of Indenture Trustee's Cross-Motion for Allowance of Claims filed
        February 16, 2007 (Docket No. 3695)

32.     Notice of Hearing on Cross-Motion of the Bank of New York, as Administrative
        Agent, for Allowance of Administrative Agent's Claim filed February 16, 2007
        (Docket No. 3696)

33.     Response of the Bank of New York, as Administrative Agent, (A) In Opposition to
        Debtors' Motion for Approval of Refinancing, (B) In Opposition to Debtors'
        Limited Objection to Administrative Agent's Claim on behalf of Second Lien
        Lenders, and (C) In Support of Administrative Agent's Cross-Motion for
        Allowance of Claims filed by February 16, 2007 (Docket No. 3698)

34.     Limited Objection of The Bank of Nova Scotia to Debtors' Motion for Order (I)
        Authorizing Debtors to Obtain Replacement Postpetition Financing to (A)
        Refinance Existing Postpetition Financing and (B) Repay Prepetition Debt; (II)
        Allowing Debtors' Limited Objection to Claims; and (III) Determining Value of
        Secured Claims filed February 16, 2007 (Docket No. 3699)

35.     Qualified Statement of the Official Committee of Unsecured Creditors of Calpine
        Corporation, et al. in Support of the Debtors' Motion for Order (I) Authorizing
        Debtors to Obtain Replacement Postpetition Financing to (A) Refinance Existing
        Postpetition Financing and (B) Repay Prepetition Debt; (II) Allowing Debtors'
        Limited Objection to Claims; and (III) Determining Value of Secured Claims filed
        February 16, 2007 (Docket No. 3700)

10361087.1

36.     Statement of the Official Committee of Equity Security Holders in Support of the
        Debtors' Motion for Order (I) Authorizing the Debtors to Obtain Replacement
        Postpetition Financing to (A) Refinance Existing Postpetition Financing and (B)
        Repay Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and
        (III) Determining Value of Secured Claims filed February 16, 2007 (Docket No.
        3701)

37.     Objection of Unofficial Committee of Second Lien Debtholders to Debtors'
        Motion for Order (I) Authorizing Debtors to Obtain Replacement Postpetition
        Financing to (A) Refinance Existing Postpetition Financing and (B) Repay
        Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and (III)
        Determining Value of Secured Claims filed February 16, 2007 (Docket No. 3707)

38.     Ex Parte Motion of Manufacturers & Traders Trust Company Pursuant to 11
        U.S.C. Section 107(b) and Bankruptcy Rule 9018 for Authorization to File a
        Redacted Version of the Affidavit of Christopher J. Kearns in Support of
        Manufacturers & Traders Trust Company's (A) Objection to Debtors' Motion for
        Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (i)
        Refinance Existing Postpetition Financing and (ii) Repay Prepetition Debt; (II)
        Allowing Debtors' Limited Objection to Claims; and (III) Determining Value of
        Secured Claims and (B) Response to Debtors' Seventh Omnibus Objection to
        Proofs Of Claim filed February 16, 2007 (Docket No. 3709)

39.     Motion of Unofficial Committee of Second Lien Debtholders to file Under Seal
        Portions of Objection of Unofficial Committee of Second Lien Debtholders to
        Debtors' Motion for Order (I) Authorizing Debtors to Obtain Replacement
        Postpetition Financing to (A) Refinance Existing Postpetition Financing and (B)
        Repay Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and
        (III) Determining Value of Secured Claims filed February 16, 2007 (Docket No.
        3710)

40.     Manufacturers & Traders Trust Company's (a) Objection to Motion for Order (I)
        Authorizing Debtors to Obtain Replacement Postpetition Financing to (i)
        Refinance Existing Postpetition Financing and (ii) Repay Prepetition Debt; (II)
        Allowing Debtors' Limited Objection to Claims; and (III) Determining Value of
        Secured Claims and (B) Response to Debtors' Seventh Omnibus Objection to
        Proofs of Claim filed February 16, 2007 (Docket No. 3711)

41.     Memorandum of Law of Manufacturers & Traders Trust Company in Support of
        (A) Objection to Motion for Order (I) Authorizing Debtors to Obtain Replacement
        Postpetition Financing to (i) Refinance Existing Postpetition Financing and (ii)
        Repay Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and
        (III) Determining Value of Secured Claims and (B) Response to Debtors' Seventh
        Omnibus Objection to Proofs of Claim filed February 16, 2007 (Docket No. 3713)

42.     Order signed on 2/21/2007 Authorizing Manufacturers & Traders Trust Company
        to File a Redacted Version of the Affidavit of Christopher J. Kearns in Support of

Manufacturers & Traders Trust Company's (A) Objection to Debtors' Motion for Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (i) Refinance Existing Postpetition Financing and (ii) Repay Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and (III) Determining Value of Secured Claims and (B) Response to Debtors' Seventh Omnibus Objection to Proofs of Claim filed February 21, 2007 (Docket No. 3744)

43.    Amended Affidavit of Christopher J. Kearns in Support of (A) Objection of Manufacturers & Traders Trust Company to Debtors' Motion for Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (i) Refinance Existing Postpetition Financing and (ii) Repay Prepetition Debt; (II) Allowing Debtors' Limited Objection To Claims; and (III) Determining Value of Secured Claims and (B) Response to Debtors' Seventh Omnibus Objection to Proofs of Claim filed on February 22, 2007 (Docket No. 3747)

44.    Affidavit Of Jason J. Jack In Support Of Response Of The Bank Of New York, As Administrative Agent, (A) In Opposition To Debtors' Motion For Approval Of Refinancing, (B) In Opposition To Debtors' Limited Objection To Administrative Agent's Claim On Behalf Of Second Lien Lenders, And (C) In Support Of Administrative Agent's Cross-Motion For Allowance Of Claims filed February 22, 2007 (Docket No. 3749)

45.    Supplemental Affidavit Of Jason J. Jack In Support Of Response Of HSBC Bank USA, National Association, As Indenture Trustee, (A) In Opposition To Debtors' Motion For Approval Of Refinancing, (B) In Opposition To Debtors' Limited Objection To Indenture Trustee's Claim On Behalf Of Second Lien Noteholders, And (C) In Support Indenture Trustee's Cross-Motion For Allowance Of Claims Of filed February 22, 2007 (Docket No. 3750)

46.    Ex Parte Motion of (I) Wilmington Trust Company as Collateral Agent; (II) Wilmington Trust Company as Administrative Agent; and (III) Wilmington Trust FSB as Indenture Trustee Pursuant to 11 U.S.C. § 107(b) and Bankruptcy Rule 9018 for Authorization to File Under Seal the Affidavits of Anders Maxwell and Stephen Darr in Support of (I) Wilmington Trust Company as collateral Agent; (II) Wilmington Trust Company as Collateral Agent; (II) Wilmington Trust Company as Administrative Agent; and, (III) Wilmington Trust FSB as Indenture Trustee's Individual Objections to the Debtors' Motion for Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (i) Refinance Existing Postpetition Financing and (ii) Repay Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and (III) Determining the Value of Secured Claims filed February 23, 2007 (Docket No. 3753)

47.    Debtors' Consolidated Reply to Objections to Debtors' Motion for Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (A) Refinance Existing Postpetition Financing and (B) Repay Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and (III) Determining Value of Secured Claims  filed February 23, 2007 (Docket No 3763)

10361087.1

48.    Omnibus Reply to Objections to the Debtors' Refinancing Motion filed February 23, 2007 (Docket No. 3765)

49.    Emergency Motion of Manufacturers & Traders Trust Company to Adjourn Hearing to Consider Debtors' (A) Motion for Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (i) Refinance Existing Postpetition Financing and (ii) Repay Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; (III) Determining Value of Secured Claims and (B) Seventh Omnibus Objection to Proofs of Claim filed February 26, 2007 (Docket No. 3771)

50.    Joinder of HSBC Bank USA, National Association, as Indenture Trustee, and The Bank of New York, as Administrative Agent, to Emergency Motion of Manufacturers & Traders Company to Adjourn Hearing to Consider Debtors' (A) Motion for Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (1) Refinance Existing Postpetition Financing and (2) Repay Prepetition Debt; and (II) Allowing Debtors' Limited Objection to Claims; and (III) Determining Value of Secured Claims and (B) Seventh Omnibus Objection to Proofs of Claim filed February 26, 2007 (Docket No. 3775)

51.    Motion to File Under Seal the Emergency Motion of Wilmington Trust Company as Administrative Agent and Wilmington Trust FSB as Indenture Trustee filed February 26, 2007 (Docket No. 3777)

52.    Emergency Motion of Wilmington Trust Company as Administrative Agent and Wilmington Trust FSB as Indenture Trustee filed February 26, 2007 (*filed under seal*)

53.    Surreply of HSBC Bank USA, National Association, as Indenture Trustee and The Bank of New York, as Administrative Agent, (A) In Opposition to Debtors' Motion for Approval of Refinancing, (B) In Opposition to Debtors' Limited Objection to Indenture Trustee's and Administrative Agent's Claims on Behalf of Second Lien Noteholders and Second Lien Lenders, and (C) In Support of Indenture Trustee's and Administrative Agent's Cross-Motion for Allowance of Claims filed February 26, 2007 (Docket No. 3786)

54.    Notice of Filing of Blackline Version of Order (I) Granting Debtors Limited Objection to Claim Numbers 2664, 3275, 3393 through 3421 (Inclusive), 3546 through 3554 (Inclusive), 3586 through 3588 (Inclusive), 3731, 4073, 5653 through 5730 (Inclusive), 5791, and 5792; (II) Determining the Value of the CalGen Secured Debt Pursuant to Rule 3012 of the Federal Rules of Bankruptcy Procedure; and (III) Authorizing Repayment of CalGen Secured Debt filed February 27, 2007 (Docket No. 3789)

55.    Notice of Filing of Redline Version of Order Authorizing Debtors to Obtain Post-Petition Financing Pursuant to 11 U.S.C. Sec. 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d) and 364(e) filed February 27, 2007 (Docket No. 3790)

10361087.1

56.    Manufacturers & Traders Trust Company's Sur-Reply to the Debtors' Consolidated Reply to (A) Objections to Motion for Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (i) Refinance Existing Postpetition Financing and (ii) Repay Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and (III) Determining Value of Secured Claims and (B) Response to Debtors' Seventh Omnibus Objection to Proofs of Claim filed February 27, 2007 (Docket No. 3792)

57.    Consolidated Reply to Objections to Debtors' Motion for Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (i) Refinance Existing Postpetition Financing and (ii) Repay Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and (III) Determining the Value of Secured Claims filed February 27, 2007 (Docket No. 3793)

58.    Memorandum Decision and Order Granting, In Part, Debtors' Motion For An Order (i) Authorizing Debtors To Obtain Replacement Postpetition Financing To (A) Refinance Existing Postpetition Financing And (B) Repay Prepetition Debt; (ii) Allowing Debtors' Limited Objection To Claims; And (iii) Determining Value Of Secured Claims entered March 5, 2007 (Docket No. 3875)

59.    Transcript of Hearing Held on 2/27/07 Pursuant to Kirkland and Ellis, LLP Notice of Agenda Matters Scheduled for Hearing filed March 6, 2007 (Docket No. 3883)

60.    Order Granting The Ex Parte Motion Of (i) Wilmington Trust Company As Administrative Agent; And, (ii) Wilmington Trust FSB As Indenture Trustee Pursuant To 11 U.S.C. Section 107(b) And Bankruptcy Rule 9018 For Authorization To File Under Seal The Emergency Motion Of Wilmington Trust Company As Administrative Agent And Wilmington Trust FSB As Indenture Trustee To Compel Production Or, In The Alternative, To Preclude Entry Of Evidence And For A Continuance Of The Hearing Scheduled For February 26, 2007 signed March 7, 2007 (Docket No.3912)

61.    Order Granting The Ex Parte Motion Of (I) Wilmington Trust Company As Collateral Agent; (II) Wilmington Trust Company As Administrative Agent; And, (III) Wilmington Trust FSB As Indenture Trustee Pursuant To 11 U.S.C. Section 107(b) And Bankruptcy Rule 9018 For Authorization To File Under Seal The Affidavits Of Anders Maxwell And Stephen Darr In Support Of (I) Wilmington Trust Company As Collateral Agent; (II) Wilmington Trust Company As Administrative Agent; And, (III) Wilmington Trust FSB As Indenture Trustee's Individual Objections To The Debtors' Motion For Order (I) Authorizing Debtors To Obtain Replacement Postpetition Financing To (i) Refinance Existing Postpetition Financing And (ii) Repay Prepetition Debtor; (II) Allowing Debtors' Limited Objection To Claims; And (iii) Determining Value Of Secured Claims signed March 7, 2007 (Docket No. 3913)

62.    Order Granting Debtors' Limited Objection To Claim Numbers 2664, 3275, 3393 Through 3421 (Inclusive), 3546 Through 3554 (Inclusive), 3586 Through 3588

(Inclusive), 3731, 4073, 5653 Through 5730 (Inclusive), 5791, and 5792; (II) Determining The Value of the Calgen Secured Debt Pursuant to Rule 3012 of the Federal Rules of Bankruptcy Procedure; and (III) Authorizing Repayment of Calgen Secured Debt signed March 12, 2007 (Docket No. 3970)

63.    Order Authorizing Debtors to Obtain Post-Petition Financing Pursuant To 11 U.S.C. Sections 105,361, 362, 364(c)(1), 362(c)(2), 364 (c)(3), 364 (d) and 364(e) signed March 12, 2007 (Docket No. 3972)

64.    Voluntary Petition filed by Baytown Energy Center, LP. on December 21, 2005 (Case No. 05-60255)(Docket No.1)

65.    Statement of Financial Affairs filed by Baytown Energy Center, LP on April 17, 2006 (Case No. 05-60255)(Docket No. 4)

66.    Schedules of Assets and Liabilities filed by Baytown Energy Center, LP. on April 17, 2006, (Case No. 05-60255)(Docket No. 3)

67.    Voluntary Petition filed by Baytown Power GP, LLC. on December 21, 2005 (Case No. 05-60256)(Docket No.1)

68.    Statement of Financial Affairs filed by Baytown Power GP, LLC on April 17, 2006 (Case No. 05-60256)(Docket No. 4)

69.    Schedules of Assets and Liabilities filed by Baytown Power GP, LLC. on April 17, 2006, (Case No. 05-60256)(Docket No. 3)

70.    Voluntary Petition filed by Baytown Power, LP. on December 21, 2005 (Case No. 05-60258)(Docket No.1)

71.    Statement of Financial Affairs filed by Baytown Power, LP. on April 17, 2006 (Case No. 05-60258)(Docket No. 3)

72.    Schedules of Assets and Liabilities filed by Baytown Power, LP on April 18, 2006, (Case No. 05-60258)(Docket No. 4)

73.    Voluntary Petition filed by Calgen Equipment Finance Company, LLC. on December 21, 2005 (Case No. 05-60249)(Docket No.1)

74.    Statement of Financial Affairs filed by Calgen Equipment Finance Company, LLC. on April 17, 2006 (Case No. 05-60249)(Docket No. 3)

75.    Schedules of Assets and Liabilities filed by Calgen Equipment Finance Company, LLC. on April 18, 2006, (Case No. 05-60249)(Docket No. 4)

76.    Voluntary Petition filed by Calgen Equipment Finance Holdings, LLC. on December 21, 2005 (Case No. 05-60251)(Docket No.1)

77.    Statement of Financial Affairs filed by Calgen Equipment Finance Holdings, LLC. on April 17, 2006 (Case No. 05-60251)(Docket No. 3)

78.    Schedules of Assets and Liabilities filed by Calgen Equipment Finance Holdings, LLC. on April 18, 2006, (Case No. 05-60251)(Docket No. 4)

79.    Voluntary Petition filed by Calgen Expansion Company, LLC. on December 21, 2005 (Case No. 05-60253)(Docket No.1)

80.    Statement of Financial Affairs filed by Calgen Expansion Company, LLC. on April 17, 2006 (Case No. 05-60253)(Docket No. 4)

81.    Schedules of Assets and Liabilities filed by Calgen Expansion Company, LLC. on April 16, 2006, (Case No. 05-60253)(Docket No. 3)

82.    Voluntary Petition filed by Calgen Finance Corp. on December 21, 2005 (Case No. 05-60229)(Docket No.1)

83.    Statement of Financial Affairs filed by Calgen Finance Corp. on April 18, 2006 (Case No. 05-60229)(Docket No. 4)

84.    Schedules of Assets and Liabilities filed by Calgen Finance Corp. on April 16, 2006, (Case No. 05-60229)(Docket No. 3)

85.    Voluntary Petition filed by Calgen Project Equipment Finance Company One, LLC. on December 21, 2005 (Case No. 05-60236)(Docket No.1)

86.    Statement of Financial Affairs filed by Calgen Project Equipment Finance Company One, LLC. on April 18, 2006 (Case No. 05-60236)(Docket No. 3 and 4)

87.    Schedules of Assets and Liabilities filed by Calgen Project Equipment Finance Company One, LLC. on April 19, 2006, (Case No. 05-60236)(Docket No. 5)

88.    Voluntary Petition filed by Calgen Project Equipment Finance Company Three, LLC. on December 21, 2005 (Case No. 05-60259)(Docket No.1)

89.    Statement of Financial Affairs filed by Calgen Project Equipment Finance Company Three, LLC. on April 17, 2006 (Case No. 05-60259)(Docket No. 4)

90.    Schedules of Assets and Liabilities filed by Calgen Project Equipment Finance Company Three, LLC. on April 16, 2006, (Case No. 05-60259)(Docket No. 3)

91.    Voluntary Petition filed by Calgen Project Equipment Finance Company Two, LLC. on December 21, 2005 (Case No. 05-60262)(Docket No.1)

92.    Statement of Financial Affairs filed by Calgen Project Equipment Finance Company Two, LLC. on April 17, 2006 (Case No. 05-60262)(Docket No. 3)

93.    Schedules of Assets and Liabilities filed by Calgen Project Equipment Finance Company Two, LLC. on April 18, 2006, (Case No. 05-60262)(Docket No. 4)

94.    Voluntary Petition filed by Calpine Baytown Energy Center GP, LLC. on December 21, 2005 (Case No. 05-60453)(Docket No.1)

95.    Statement of Financial Affairs filed by Calpine Baytown Energy Center GP, LLC. on April 18, 2006 (Case No. 05-60453)(Docket No. 4)

96.    Schedules of Assets and Liabilities filed by Calpine Baytown Energy Center GP, LLC. on April 18, 2006, (Case No. 05-60453)(Docket No. 3)

97.    Voluntary Petition filed by Calpine Baytown Energy Center LP, LLC. on December 21, 2005 (Case No. 05-60320)(Docket No.1)

98.    Statement of Financial Affairs filed by Calpine Baytown Energy Center LP, LLC. on April 18, 2006 (Case No. 05-60320)(Docket No. 4)

99.    Schedules of Assets and Liabilities filed by Calpine Baytown Energy Center LP, LLC. on April 16, 2006, (Case No. 05-60320)(Docket No. 3)

100.    Voluntary Petition filed by Calpine Calgen Holdings, Inc. on December 21, 2005 (Case No. 05-60352)(Docket No.1)

101.    Statement of Financial Affairs filed by Calpine Calgen Holdings, Inc. on April 19, 2006 (Case No. 05-60352)(Docket No. 3)

102.    Schedules of Assets and Liabilities filed by Calpine Calgen Holdings, Inc. on April 19, 2006, (Case No. 05-60352)(Docket No. 4)

103.    Voluntary Petition filed by Calpine Channel Energy Center GP, LLC. on December 21, 2005 (Case No. 05-60340)(Docket No.1)

104.    Statement of Financial Affairs filed by Calpine Channel Energy Center GP, LLC. on April 18, 2006 (Case No. 05-60340)(Docket No. 4)

105.    Schedules of Assets and Liabilities filed by Calpine Channel Energy Center GP, LLC. on April 16, 2006, (Case No. 05-60340)(Docket No. 3)

106.    Voluntary Petition filed by Calpine Channel Energy Center LP, LLC. on December 21, 2005 (Case No. 05-60343)(Docket No.1)

107.    Statement of Financial Affairs filed by Calpine Channel Energy Center LP, LLC. on April 19, 2006 (Case No. 05-60343)(Docket No. 4)

108.    Schedules of Assets and Liabilities filed by Calpine Channel Energy Center LP, LLC. on April 19, 2006, (Case No. 05-60343)(Docket No. 3)

10361087.1

109. Voluntary Petition filed by Calpine Corpus Christi Energy GP, LLC. on December 21, 2005 (Case No. 05-60247)(Docket No.1)

110. Statement of Financial Affairs filed by Calpine Corpus Christi Energy GP, LLC. on April 17, 2006 (Case No. 05-60247)(Docket No. 4)

111. Schedules of Assets and Liabilities filed by Calpine Corpus Christi Energy GP, LLC. on April 16, 2006, (Case No. 05-60247)(Docket No. 3)

112. Voluntary Petition filed by Calpine Corpus Christi Energy LP. on December 21, 2005 (Case No. 05-60261)(Docket No.1)

113. Statement of Financial Affairs filed by Calpine Corpus Christi Energy LP. on April 17, 2006 (Case No. 05-60261)(Docket No. 3)

114. Schedules of Assets and Liabilities filed by Calpine Corpus Christi Energy LP. on April 18, 2006, (Case No. 05-60261)(Docket No. 4)

115. Voluntary Petition filed by Calpine Freestone Energy GP, LLC. on December 21, 2005 (Case No. 05-60227)(Docket No.1)

116. Statement of Financial Affairs filed by Calpine Freestone Energy GP, LLC. on April 18, 2006 (Case No. 05-60227)(Docket No. 4)

117. Schedules of Assets and Liabilities filed by Calpine Freestone Energy GP, LLC. on April 16, 2006, (Case No. 05-60227)(Docket No. 3)

118. Voluntary Petition filed by Calpine Freestone Energy LP. on December 21, 2005 (Case No. 05-60230)(Docket No.1)

119. Statement of Financial Affairs filed by Calpine Freestone Energy LP. on April 18, 2006 (Case No. 05-60230)(Docket No. 4)

120. Schedules of Assets and Liabilities filed by Calpine Freestone Energy LP. on April 18, 2006, (Case No. 05-60230)(Docket No. 3)

121. Voluntary Petition filed by Calpine Freestone, LLC. on December 21, 2005 (Case No. 05-60231)(Docket No.1)

122. Statement of Financial Affairs filed by Calpine Freestone, LLC. on April 18, 2006 (Case No. 05-60231)(Docket No. 4)

123. Schedules of Assets and Liabilities filed by Calpine Freestone, LLC. on April 18, 2006, (Case No. 05-60231)(Docket No. 3)

124. Voluntary Petition filed by Calpine Generating Company, LLC. on December 21, 2005 (Case No. 05-60237)(Docket No.1)

125.    Statement of Financial Affairs filed by Calpine Generating Company, LLC. on April 18, 2006 (Case No. 05-60237)(Docket No. 4)

126.    Schedules of Assets and Liabilities filed by Calpine Generating Company, LLC. on April 18, 2006, (Case No. 05-60237)(Docket No. 3)

127.    Voluntary Petition filed by Calpine Northbrook Southcoast Investors, LLC. on December 21, 2005 (Case No. 05-60304)(Docket No.1)

128.    Statement of Financial Affairs filed by Calpine Northbrook Southcoast Investors, LLC. on April 18, 2006 (Case No. 05-60304)(Docket No. 4)

129.    Schedules of Assets and Liabilities filed by Calpine Northbrook Southcoast Investors, LLC. on April 16, 2006, (Case No. 05-60304)(Docket No. 3)

130.    Voluntary Petition filed by Calpine Oneta Power I, LLC. on December 21, 2005 (Case No. 05-60311)(Docket No.1)

131.    Statement of Financial Affairs filed by Calpine Oneta Power I, LLC. on April 18, 2006 (Case No. 05-60311)(Docket No. 4)

132.    Schedules of Assets and Liabilities filed by Calpine Oneta Power I, LLC. on April 18, 2006, (Case No. 05-60311)(Docket No. 3)

133.    Voluntary Petition filed by Calpine Oneta Power II, LLC. on December 21, 2005 (Case No. 05-60315)(Docket No.1)

134.    Statement of Financial Affairs filed by Calpine Oneta Power II, LLC. on April 18, 2006 (Case No. 05-60315)(Docket No. 4)

135.    Schedules of Assets and Liabilities filed by Calpine Oneta Power II, LLC. on April 16, 2006, (Case No. 05-60315)(Docket No. 3)

136.    Voluntary Petition filed by Calpine Oneta Power, LP. on December 21, 2005 (Case No. 05-60318)(Docket No.1)

137.    Statement of Financial Affairs filed by Calpine Oneta Power, LP. on April 18, 2006 (Case No. 05-60318)(Docket No. 4)

138.    Schedules of Assets and Liabilities filed by Calpine Oneta Power, LP. on April 18, 2006, (Case No. 05-60318)(Docket No. 3)

139.    Voluntary Petition filed by Calpine Pastoria Holdings, LLC. on December 21, 2005 (Case No. 05-60302)(Docket No.1)

140.    Statement of Financial Affairs filed by Calpine Pastoria Holdings, LLC. on April 18, 2006 (Case No. 05-60302)(Docket No. 4)

10361087.1

141.    Schedules of Assets and Liabilities filed by Calpine Pastoria Holdings, LLC. on April 16, 2006, (Case No. 05-60302)(Docket No. 3)

142.    Voluntary Petition filed by Calpine Power Equipment, LP. on December 21, 2005 (Case No. 05-60310)(Docket No.1)

143.    Statement of Financial Affairs filed by Calpine Power Equipment, LP. on April 18, 2006 (Case No. 05-60310)(Docket No. 4)

144.    Schedules of Assets and Liabilities filed by Calpine Power Equipment, LP. on April 18, 2006, (Case No. 05-60310)(Docket No. 3)

145.    Voluntary Petition filed by Carville Energy, LLC. on December 21, 2005 (Case No. 05-60460)(Docket No.1)

146.    Statement of Financial Affairs filed by Carville Energy, LLC. on April 18, 2006 (Case No. 05-60460)(Docket No. 4)

147.    Schedules of Assets and Liabilities filed by Carville Energy, LLC. on April 18, 2006, (Case No. 05-60460)(Docket No. 3)

148.    Voluntary Petition filed by Channel Energy Center, LP. on December 21, 2005 (Case No. 05-60275)(Docket No.1)

149.    Statement of Financial Affairs filed by Channel Energy Center, LP. on April 17, 2006 (Case No. 05-60275)(Docket No. 3)

150.    Schedules of Assets and Liabilities filed by Channel Energy Center, LP. on April 18, 2006, (Case No. 05-60275)(Docket No. 4)

151.    Voluntary Petition filed by Channel Power GP, LLC. on December 21, 2005 (Case No. 05-60276)(Docket No.1)

152.    Statement of Financial Affairs filed by Channel Power GP, LLC. on April 17, 2006 (Case No. 05-60276)(Docket No. 4)

153.    Schedules of Assets and Liabilities filed by Channel Power GP, LLC. on April 16, 2006, (Case No. 05-60276)(Docket No. 3)

154.    Voluntary Petition filed by Channel Power, LP. on December 21, 2005 (Case No. 05-60277)(Docket No.1)

155.    Statement of Financial Affairs filed by Channel Power, LP. on April 17, 2006 (Case No. 05-60277)(Docket No. 4)

156.    Schedules of Assets and Liabilities filed by Channel Power, LP. on April 16, 2006, (Case No. 05-60277)(Docket No. 3)

157.    Voluntary Petition filed by Columbia Energy, LLC. on December 21, 2005 (Case No. 05-60440)(Docket No.1)

158.    Statement of Financial Affairs filed by Columbia Energy, LLC. on April 18, 2006 (Case No. 05-60440)(Docket No. 4)

159.    Schedules of Assets and Liabilities filed by Columbia Energy, LLC. on April 18, 2006, (Case No. 05-60440)(Docket No. 3)

160.    Voluntary Petition filed by Corpus Christi Cogeneration, LP. on December 21, 2005 (Case No. 05-60441)(Docket No.1)

161.    Statement of Financial Affairs filed by Corpus Christi Cogeneration, LP. on April 18, 2006 (Case No. 05-60441)(Docket No. 4)

162.    Schedules of Assets and Liabilities filed by Corpus Christi Cogeneration, LP. on April 18, 2006, (Case No. 05-60441)(Docket No. 3)

163.    Voluntary Petition filed by CPN Freestone, LLC. on December 21, 2005 (Case No. 05-60293)(Docket No.1)

164.    Statement of Financial Affairs filed by CPN Freestone, LLC. on April 18, 2006 (Case No. 05-60293)(Docket No. 4)

165.    Schedules of Assets and Liabilities filed by CPN Freestone, LLC. on April 18, 2006, (Case No. 05-60293)(Docket No. 3)

166.    Voluntary Petition filed by Decatur Energy Center, LLC. on December 21, 2005 (Case No. 05-60313)(Docket No.1)

167.    Statement of Financial Affairs filed by Decatur Energy Center, LLC. on April 17, 2006 (Case No. 05-60313)(Docket No. 3)

168.    Schedules of Assets and Liabilities filed by Decatur Energy Center, LLC. on April 18, 2006, (Case No. 05-60313)(Docket No. 4)

169.    Voluntary Petition filed by Delta Energy Center, LLC. on December 21, 2005 (Case No. 05-60375)(Docket No.1)

170.    Statement of Financial Affairs filed by Delta Energy Center, LLC. on April 19, 2006 (Case No. 05-60375)(Docket No. 4)

171.    Schedules of Assets and Liabilities filed by Delta Energy Center, LLC. on April 18, 2006, (Case No. 05-60375)(Docket No. 3)

172.    Voluntary Petition filed by Freestone Power Generation, LP. on December 21, 2005 (Case No. 05-60339)(Docket No.1)

10361087.1

173.    Statement of Financial Affairs filed by Freestone Power Generation, LP. on April 18, 2006 (Case No. 05-60339)(Docket No. 4)

174.    Schedules of Assets and Liabilities filed by Freestone Power Generation, LP. on April 18, 2006, (Case No. 05-60339)(Docket No. 3)

175.    Voluntary Petition filed by Los Medanos Energy Center, LLC. on December 21, 2005 (Case No. 05-60405)(Docket No.1)

176.    Statement of Financial Affairs filed by Los Medanos Energy Center, LLC. on April 19, 2006 (Case No. 05-60405)(Docket No. 3)

177.    Schedules of Assets and Liabilities filed by Los Medanos Energy Center, LLC. on April 19, 2006, (Case No. 05-60405)(Docket No. 4)

178.    Voluntary Petition filed by Morgan Energy Center, LLC. on December 21, 2005 (Case No. 05-60353)(Docket No.1)

179.    Statement of Financial Affairs filed by Morgan Energy Center, LLC. on April 19, 2006 (Case No. 05-60353)(Docket No.4 )

180.    Schedules of Assets and Liabilities filed by Morgan Energy Center, LLC. on April 19, 2006, (Case No. 05-60353)(Docket No. 3)

181.    Voluntary Petition filed by Nueces Bay Energy, LLC. on December 21, 2005 (Case No. 05-60356)(Docket No.1)

182.    Statement of Financial Affairs filed by Nueces Bay Energy, LLC. on April 19, 2006 (Case No. 05-60356)(Docket No.4 )

183.    Schedules of Assets and Liabilities filed by Nueces Bay Energy, LLC. on April 19, 2006, (Case No. 05-60356)(Docket No. 3)

184.    Voluntary Petition filed by Pastoria Energy Facility, LLC. on December 21, 2005 (Case No. 05-60410)(Docket No.1)

185.    Statement of Financial Affairs filed by Pastoria Energy Facility, LLC. on April 19, 2006 (Case No. 05-60410)(Docket No. 3 )

186.    Schedules of Assets and Liabilities filed by Pastoria Energy Facility, LLC. on April 19, 2006, (Case No. 05-60410)(Docket No. 4)

187.    Voluntary Petition filed by Zion Energy, LLC. on December 21, 2005 (Case No. 05-60380)(Docket No.1)

188.    Statement of Financial Affairs filed by Zion Energy, LLC. on April 19, 2006 (Case No. 05-60380)(Docket No. 3 )

10361087.1

189.     Schedules of Assets and Liabilities filed by Zion Energy, LLC. on April 19, 2006, (Case No. 05-60380)(Docket No. 4)

190.     Affidavit of Samuel M. Greene in Support of Debtors' Motion for Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (A) Refinance Existing Postpetition Financing and (B) Repay Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and (III) Determining Value of Secured Claims filed January 26, 2007 (Trial Exhibit) (Docket No. 3481, Exhibit C)

191.     Affidavit of Anders J. Maxwell In Support of Objections of Wilmington Trust FSB as Indenture Trustee, Wilmington Trust Company as Administrative Agent and as Collateral Agent to: Debtors' Motion for Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (A) Refinance Existing Postpetition Financing and (B) Repay the Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and (III) Determining Value of Secured Claims filed January 26, 2007 (Trial Exhibit) (*Filed Under Seal*, Docket No. 3753)

192.     Supplemental Affidavit of Stephen Darr In Support of Objection of Wilmington Trust Company as Administrative Agent to the Debtors' Motion for Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (A) Refinance Existing Postpetition Financing and (B) Repay the Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and (III) Determining Value of Secured Claims filed February 23, 2007 (Trial Exhibit) (*Filed Under Seal,* Docket No. 3753)

193.     Supplemental Affidavit of Stephen Darr In Support of Objection of Wilmington Trust FSB as Indenture Trustee to the Debtors' Motion for Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (A) Refinance Existing Postpetition Financing and (B) Repay the Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and (III) Determining Value of Secured Claims, February 23, 2007 (Trial Exhibit) (*Filed Under Seal*, Docket No. 3753)

194.     Affidavit of Christopher J. Kearns In Support of (A) Objection of Manufacturers & Traders Trust Company to Debtors' Motion for Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (i) Refinance Existing Postpetition Financing and (ii) Repay Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and (III) Determining Value of Secured Claims and (B) Response to Debtors' Seventh Omnibus Objection to Proofs of Claim, February 22, 2007 (Trial Exhibit - Unredacted) (Docket No. 3747)

195.     Amended Affidavit of Christopher J. Kearns In Support of (A) Objection of Manufacturers & Traders Trust Company to Debtors' Motion for Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (i) Refinance Existing Postpetition Financing and (ii) Repay Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and (III) Determining Value of Secured Claims and (B) Response to Debtors' Seventh Omnibus Objection to

Proofs of Claim, filed February 22, 2007 (Trial Exhibit - Unredacted) (Docket No. 3747)

196.  Affidavit of Jason J. Jack in Support of Response of HSBC Bank USA, National Association as Indenture Trustee, (A) In Opposition to Debtors' Motion for Approval of Refinancing, (B) In Opposition to Debtors' Limited Objection to Indenture Trustee's Claim on Behalf of Second Lien Noteholders, and (C) In Support of Indenture Trustee's Cross-Motion for Allowance of Claims, February 16, 2007 (Trial Exhibit) (Docket No. 3695)

197.  Affidavit of Jason J. Jack in Support of Response of The Bank of New York, as Administrative Agent, (A) In Opposition to Debtors' Motion for Approval of Refinancing, (B) In Opposition to Debtors' Limited Objection to Administrative Agent's Claim on Behalf of Second Lien Lenders, and (C) In Support of Administrative Agent's Cross-Motion for Allowance of Claims, February 22, 2007 (Trial Exhibit) (Docket No. 3749)

198.  Supplemental Affidavit of Jason J. Jack In Support of Response of HSBC Bank USA, National Association, as Indenture Trustee, (A) In Opposition to Debtors' Motion for Approval of Refinancing, (B) In Opposition to Debtors' Limited Objection to Indenture Trustee's Claim on Behalf of Second Lien Noteholders and (C) In Support of Indenture Trustee's Cross-Motion for Allowance of Claims, February 22, 2007 (Trial Exhibit) (Docket No. 3750)

199.  Affidavit of Jason J. Jack In Support of Surreply of HSBC Bank, USA, National Association, as Indenture Trustee and The Bank of New York, as Administrative Agent, (A) In Opposition to Debtors' Motion for Approval of Refinancing, (B) In Opposition to Debtors' Limited Objection to Indenture Trustee's and Administrative Agent's Claims on Behalf of Second Lien Noteholders and Second Lien Lenders, and (C) In Support of Indenture Trustee's and Administrative Agent's Cross-Motion for Allowance of Claims, February 26, 2007 (Trial Exhibit) (Docket 3786)

200.  Collateral Trust and Intercreditor Agreement (the "Collateral Trust Agreement") dated as of March 23, 2004, among Calpine Generating Company, LLC and CalGen Finance Corp., the guarantors party thereto from time to time, Wilmington Trust FSB, Morgan Stanley Senior Funding, Inc., The Bank of Nova Scotia, the Collateral Agent and each of the other persons party thereto from time to time (Trial Exhibit)(Docket No. 4050, Exhibit N)

201.  First Priority Indenture, dated as of March 23, 2004, by and among the Issuers, the guarantors a party thereto and Trustee (Trial Exhibit)(Docket No. 4050, Exhibit A)

202.  First Priority Term Note, dated as of March 23, 2004 (Trial Exhibit)(Docket No. 4050, Exhibit B)

10361087.1

203.     Second Priority Indenture, dated as of March 23, 2004, by and among the Issuers, the guarantors a party thereto and Trustee (Trial Exhibit)(Docket No. 4050, Exhibit B)

204.     Third Priority Indenture, dated as of March 23, 2004, by and among the Issuers, the guarantors a party thereto and Trustee (Trial Exhibit)(Docket No. 4050, Exhibit C)

205.     Credit and Guarantee Agreement, dated as of March 23, 2004, among CalGen Generating Company, LLC, the guarantors a party thereto, Term Loan Administrative Agent, and current and future lenders with respect to certain First Priority Secured Institutional Term Loans Due 2009 in the original principal amount of $600,000,000 (Trial Exhibit)(Docket No. 4050, Exhibit J)

206.     Credit and Guaranty Agreement, dated as of March 23, 2004, among CalGen Generating Company, LLC, the guarantors a party thereto, Term Loan Administrative Agent, and current and future lenders with respect to certain Second Priority Secured Institutional Term Loans Due 2010 in the original principal amount of $100,000,000 (Trial Exhibit)(Docket No. 4050, Exhibit M)

207.     Amended and Restated Credit Agreement, dated as of March 23, 2004, among CalGen Generating Company, LLC, the guarantors a party thereto, the Revolving Loan Administrative Agent, Bayerische Landesbank Cayman Island Branch, Credit Lyonnais, ING Capital LLC, Toronto Dominion (Texas) Inc., Union Bank of California, N.A., and current and future lenders with respect to certain First Priority Secured Revolving Loans in the original principal amount of $200,000,000 (Trial Exhibit)(Docket No. 4050, Exhibit K)

208.     Security Agreement dated as of March 23, 2004 among Calpine Generating Company LLC, the guarantors party thereto from time to time, and the Collateral Agent (Trial Exhibit)(Docket No. 4050, Exhibit O)

209.     Calpine Generating Company LLC's 10-K for Fiscal Year Ending December 31, 2004 (Trial Exhibit)(Docket No. 4050, Exhibit D)

210.     Calpine Generating Company LLC's 10-K for Fiscal Year Ending December 31, 2005 (Trial Exhibit) (Docket No. 4050, Exhibit E)

211.     Calpine Generating Company LLC's 10-Q for Quarter Ending September 30, 2006 (Trial Exhibit) (Docket No. 4050, Exhibit F)

212.     Calpine Generating Company LLC's 10-Q for Quarter Ending June 30, 2006 (Trial Exhibit) (Docket No. 4050, Exhibit G)

213.     Calpine Generating Company LLC's 10-Q for Quarter Ending March 31, 2006 (Trial Exhibit) (Docket No. 4050, Exhibit H)

10361087.1

214.    Calpine Generating Company LLC's 10-Q for Quarter Ending September 30, 2006 (Trial Exhibit) (Docket No. 4050, Exhibit I)

215.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Calpine Generating Company, LLC (Proof of Claim No. 3396)

216.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Calpine Oneta Power II, LLC (Proof of Claim No.3275)

217.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Freestone Power Generation LP (Proof of Claim No. 3393)

218.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Calpine Northbrook Southcoast Investors, LLC (Proof of Claim No. 3394)

219.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Delta Energy Center, LLC (Proof of Claim No. 3395)

220.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Decatur Energy Center, LLC (Proof of Claim No. 3397)

221.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Calpine Freestone, LLC (Proof of Claim No. 3398)

222.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against CPN Freestone, LLC (Proof of Claim No. 3399)

223.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Calpine Freestone Energy, LP (Proof of Claim No. 3400)

224.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Corpus Christi Cogeneration, LP (Proof of Claim No. 3401)

225.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Calpine Freestone Energy GP, LLC (Proof of Claim No. 3402)

226.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Columbia Energy, LLC (Proof of Claim No. 3403)

227.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Calpine Corpus Christi Energy LP (Proof of Claim No. 3404)

228.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Calpine Corpus Christi Energy GP, LLC (Proof of Claim No. 3405)

229.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Channel Power LP (Proof of Claim No. 3406)

10361087.1

230.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Calpine Channel Energy Center LP, LLC (Proof of Claim No. 3407)

231.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Channel Power GP, LLC (Proof of Claim No. 3408)

232.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Calpine Channel Energy Center GP, LLC (Proof of Claim No. 3409)

233.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Calpine CalGen Holdings, Inc. (Proof of Claim No. 3410)

234.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Channel Energy Center, LP (Proof of Claim No. 3411)

235.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Calpine Baytown Energy Center LP, LLC (Proof of Claim No. 3412)

236.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Carville Energy LLC (Proof of Claim No. 3413)

237.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Calpine Baytown Energy Center GP, LLC (Proof of Claim No. 3414)

238.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against CalGen Project Equipment Finance Company Two, LLC (Proof of Claim No. 3415)

239.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Calpine Power Equipment, LP (Proof of Claim No. 3416)

240.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against CalGen Project Equipment Finance Company Three, LLC (Proof of Claim No. 3417)

241.    Proof of Claim Wilmington Trust FSB as Indenture Trustee against CalGen Project Equipment Finance Company One, LLC (Proof of Claim No. 3418)

242.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against CalGen Finance Corp. (Proof of Claim No. 3419)

243.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against CalGen Expansion Company, LLC (Proof of Claim No. 3420)

244.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against CalGen Equipment Finance Holdings, LLC (Proof of Claim No. 3421)

245.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Zion Energy LLC (Proof of Claim No. 3546)

246.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Pastoria Energy Facility, LLC (Proof of Claim No. 3547)

247.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Nueces Bay Energy, LLC (Proof of Claim No. 3548)

248.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Morgan Energy Center, LLC (Proof of Claim No. 3549)

249.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Los Medanos Energy Center, LLC (Proof of Claim No. 3550)

250.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Calpine Oneta Power I, LLC (Proof of Claim No. 3551)

251.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Baytown Power, LP (Proof of Claim No. 3552)

252.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Baytown Power GP, LLC (Proof of Claim No. 3553)

253.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Baytown Energy Center, LP (Proof of Claim No. 3554)

254.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Calpine Pastoria Holdings, LLC (Proof of Claim No. 3586)

255.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against Calpine Oneta Power, LP (Proof of Claim No. 3587)

256.    Proof of Claim filed by Wilmington Trust FSB as Indenture Trustee against CalGen Equipment Finance Company, LLC (Proof of Claim No. 3588)

257.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Calpine Generating Company, LLC (Proof of Claim No. 5691)

258.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Calpine Pastoria Holdings, LLC (Proof of Claim No. 5653)

259.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Pastoria Energy Facility, LLC (Proof of Claim No. 5654)

260.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against CalGen Project Equipment Finance Company Two, LLC (Proof of Claim No. 5655)

10361087.1

261.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Delta Energy Center, LLC (Proof of Claim No. 5656)

262.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Columbia Energy LLC (Proof of Claim No. 5657)

263.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Baytown Power, LP (Proof of Claim No. 5658)

264.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Baytown Power GP, LLC (Proof of Claim No. 5659)

265.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Calpine Baytown Energy Center GP, LLC (Proof of Claim No. 5660)

266.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Calpine Baytown Energy Center LP, LLC (Proof of Claim No. 5661)

267.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Calpine Oneta Power, LP (Proof of Claim No. 5662)

268.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Calpine Oneta Power II, LLC (Proof of Claim No. 5663)

269.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Calpine Oneta Power I, LLC (Proof of Claim No. 5664)

270.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Decatur Energy Center, LLC (Proof of Claim No. 5665)

271.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Carville Energy LLC (Proof of Claim No. 5666)

272.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Morgan Energy Center, LLC (Proof of Claim No. 5667)

273.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Los Medanos Energy Center, LLC (Proof of Claim No. 5668)

274.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Zion Energy LLC (Proof of Claim No. 5669)

275.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Corpus Christi Cogeneration, LP (Proof of Claim No. 5670)

276.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Calpine Corpus Christi Energy, LP (Proof of Claim No. 5671)

10361087.1

277.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Calpine Corpus Christi Energy GP, LLC (Proof of Claim No. 5672)

278.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Calpine Northbrook Southcoast Investors, LLC (Proof of Claim No. 5673)

279.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Nueces Bay Energy, LLC (Proof of Claim No. 5674)

280.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against CalGen Equipment Finance Company, LLC (Proof of Claim No. 5675)

281.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against CalGen Project Equipment Finance Company Three, LLC (Proof of Claim No. 5676)

282.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against CalGen Project Equipment Finance Company One, LLC (Proof of Claim No. 5677)

283.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against CalGen Equipment Finance Holdings, LLC (Proof of Claim No. 5678)

284.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Channel Energy Center, LP (Proof of Claim No. 5679)

285.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Channel Power GP, LLC (Proof of Claim No. 5680)

286.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Channel Power LP (Proof of Claim No. 5681)

287.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Calpine Channel Energy Center GP, LLC (Proof of Claim No. 5682)

288.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Calpine Channel Energy Center LP, LLC (Proof of Claim No. 5683)

289.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Calpine Power Equipment, LP (Proof of Claim No.5684)

290.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Calpine Freestone Energy GP, LLC (Proof of Claim No.5685)

291.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Calpine Freestone Energy, LP (Proof of Claim No. 5686)

10361087.1

292.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Freestone Power Generation, LP (Proof of Claim No. 5687)

293.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Calpine Freestone, LLC (Proof of Claim No.5688)

294.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against CPN Freestone, LLC (Proof of Claim No. 5689)

295.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against CalGen Expansion Company, LLC (Proof of Claim No. 5690)

296.    Proof of Claim filed by Morgan Stanley Senior Funding Inc. as Agent against Baytown Energy Center, LP (Proof of Claim No. 5792)

297.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Baytown Energy Center, LP (Proof of Claim No. 3484)

298.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Baytown Power GP, LLC (Proof of Claim No. 3483)

299.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Baytown Power, LP (Proof of Claim No. 3482)

300.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calgen Equipment Finance Company, LLC (Proof of Claim No. 3481)

301.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calgen Equipment Finance Holdings, LLC (Proof of Claim No. 3480)

302.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calgen Expansion Company, LLC (Proof of Claim No. 3479)

303.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calgen Finance Corp. (Proof of Claim No. 3478)

304.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calgen Finance Corp. (Proof of Claim No. 3517)

305.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calgen Project Equipment Finance Company One, LLC (Proof of Claim No. 3477)

306.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calgen Project Equipment Finance Company Three, LLC (Proof of Claim No. 3476)

10361087.1

307.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calgen Project Equipment Finance Company Two, LLC (Proof of Claim No. 3475)

308.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calpine Baytown Energy Center GP, LLC (Proof of Claim No. 3474)

309.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calpine Baytown Energy Center LP, LLC (Proof of Claim No. 3473)

310.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calpine Calgen Holdings, Inc. (Proof of Claim No. 3472)

311.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calpine Channel Energy Center GP, LLC (Proof of Claim No. 3471)

312.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calpine Channel Energy Center LP, LLC (Proof of Claim No. 3470)

313.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calpine Corpus Christi Energy GP, LLC (Proof of Claim No. 3469)

314.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calpine Corpus Christi Energy, LP (Proof of Claim No. 3468)

315.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calpine Freestone Energy GP, LLC (Proof of Claim No. 3467)

316.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calpine Freestone Energy, LP (Proof of Claim No. 3466)

317.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calpine Freestone, LLC (Proof of Claim No. 3557)

318.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calpine Generating Company, LLC (Proof of Claim No. 6129)

319.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calpine Generating Company, LLC (Proof of Claim No. 4019)

320.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calpine Northbrook Southcoast Investors, LLC (Proof of Claim No. 3555)

321.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calpine Oneta Power I, LLC (Proof of Claim No. 3465)

322.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calpine Oneta Power II, LLC (Proof of Claim No. 3464)

10361087.1

323.   Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calpine Oneta Power, LP (Proof of Claim No. 3463)

324.   Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calpine Pastoria Holdings, LLC (Proof of Claim No. 3462)

325.   Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Calpine Power Equipment LP (Proof of Claim No. 3461)

326.   Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Carville Energy LLC (Proof of Claim No. 3460)

327.   Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Channel Energy Center, LP (Proof of Claim No. 3459)

328.   Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Channel Power GP, LLC (Proof of Claim No. 3458)

329.   Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Channel Power, LP (Proof of Claim No. 3457)

330.   Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Columbia Energy LLC (Proof of Claim No. 3456)

331.   Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Corpus Christi Cogeneration, LP (Proof of Claim No. 3455)

332.   Proof of Claim filed by Wilmington Trust Company as Collateral Agent against CPN Freestone, LLC (Proof of Claim No. 3372)

333.   Proof of Claim filed by Wilmington Trust Company as Collateral Agent against CPN Freestone, LLC (Proof of Claim No. 3454)

334.   Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Decatur Energy Center, LLC (Proof of Claim No. 3453)

335.   Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Delta Energy Center, LLC (Proof of Claim No. 3452)

336.   Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Freestone Power Generation LP (Proof of Claim No. 3451)

337.   Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Los Medanos Energy Center, LLC (Proof of Claim No. 3450)

338.   Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Morgan Energy Center, LLC (Proof of Claim No. 3449)

10361087.1

339.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Nueces Bay Energy LLC (Proof of Claim No. 3487)

340.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Pastoria Energy Facility LLC (Proof of Claim No. 3486)

341.    Proof of Claim filed by Wilmington Trust Company as Collateral Agent against Zion Energy LLC (Proof of Claim No. 3485)

342.    $5,000,000,000 Debtor-in-Possession and Exit Loan Facility Fee Letter dated January 26, 2007 (*Filed Under Seal*, Docket No. 3668)

343.    Notice of Appeal (related document(s)3875) filed on 03/14/2007 (Docket . No. 4001)

344.    Notice of Appeal (related document(s)3875) filed  on 03/14/2007 (Docket No. 4002)

345.    Notice of Appeal (related document(s)3970) filed on 03/14/2007 (Docket No. 4004)

346.    Notice of Appeal (related document(s)3970) filed on 03/14/2007 (Docket No. 4005)

347.    Notice of Appeal Of Order (I) Granting Debtors' Limited Objection To Claim Numbers 2664, 3275, 3393 Through 3421 (Inclusive), 3546 Through 3554 (Inclusive), 3586 Through 3588 (Inclusive), 3731, 4073, 5653 Through 5730 (Inclusive), 5791, and 5792, (II) Determining Value of the Calgen Secured Debt Pursuant to Rule 3012 Of The Federal Rules Of Bankruptcy Procedure; and (III) Authorizing Repayment Of Calgen Secured Debt, Dated March 12, 2007 [Docket No. 3970] (related document(s)3970) filed on 03/14/2007 (Docket No. 4006)

348.    Notice of Appeal Of Memorandum Decision and Order Granting, In Part, Debtors' Motion For An Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (A) Refinance Existing Postpetition Financing and (B) Repay Prepetition Debt; (II) Allowing Debtors' Limited Objection To Claims and (III) Determining Value Of Secured Claims, Dated March 5, 2007 [Docket No. 3875] (related document(s)3875) filed on 03/14/2007 (Docket No. 4007)

349.    Notice of Appeal of Wilmington Trust Company as Adminstrative Agent (related document(s)3970) filed on 03/14/2007 (Docket No. 4011)

350.    Notice of Appeal of Wilmington Trust Company as Administrative Agent (related document(s)3972) filed on 03/14/2007 (Docket No. 4012)

351.    Notice of Appeal of Wilmington Trust Company as Administrative Agent (related document(s)3875) filed on 03/14/2007 (Docket No. 4013)

352.     Notice of Appeal of Wilmington Trust Company as Collateral Agent (related document(s)3970) filed on 03/14/2007 (Docket No. 4014)

353.     Notice of Appeal of Calpine Corporation, et al. of Memorandum Decision and Order Granting, in part, Debtors' Motion for an Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (A) Refinance Existing Postpetition Financing and (B) Repay Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and (III) Determining Value of Secured Claims (related document(s)3875) filed on 03/14/2007 (Docket No. 4015)

354.     Notice of Appeal of Wilmington Trust Company as Collateral Agent (related document(s)3972) filed on 03/14/2007 (Docket No. 4016)

355.     Notice of Appeal of Wilmington Trust Company as Collateral Agent (related document(s)3875) filed on 03/14/2007) (Docket No. 4017)

356.     Notice of Appeal of Wilmington Trust FSB as Indenture Trustee (related document(s)3970) filed on: 03/14/2007) (Docket No. 4018)

357.     Notice of Appeal of Wilmington Trust FSB as Indenture Trustee (related document(s)3972) filed on 03/14/2007 (Docket No. 4019)

358.     Notice of Appeal of Wilmington Trust FSB as Indenture Trustee (related document(s)3875) filed on 03/14/2007 (Docket No. 4020)

359.     Notice of Appeal of the Official Committee of Unsecured Creditors of Calpine Corporation, et al. (related document(s)3875) filed on 03/14/2007 (Docket No. 4021)

360.     Notice of Appeal of the Official Committee of Equity Security Holders from the Memorandum Decision and Order Granting, in part, Debtors' Motion for an Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (A) Refinance Existing Postpetition Financing and (B) Repay Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and (III) Determining Value of Secured Claims, entered March 5, 2007 (related document(s)3875) filed on 03/15/2007 (Docket No. 4030)

361.     Notice of Appeal of the Official Committee of Equity Security Holders from an Order (I) Granting Debtors' Limited Objection to Claim Numbers 2664, 3275, 3393 Through 3421 (Inclusive), 3546 Through 3554 (Inclusive), 3586 Through 3588 (Inclusive), 3731, 4073, 5653 Through 5730 (Inclusive), 5791, and 5792; (II) Determining the Value of the CalGen Secured Debt Pursuant to Rule 3012 of the Federal Rules of Bankruptcy Procedure; and (III) Authorizing Repayment of CalGen Secured Debt, entered March 12, 2007 (related document(s)3970) filed on 03/15/2007 (Docket No. 4031)

362.     Amended Notice of Appeal of the Official Committee of Equity Security Holders from an Order (I) Granting Debtors' Limited Objection to Claim Numbers 2664,

3275, 3393 Through 3421 (Inclusive), 3546 Through 3554 (Inclusive), 3586 Through 3588 (Inclusive), 3731, 4073, 5653 Through 5730 (Inclusive), 5791, and 5792; (II) Determining the Value of the CalGen Secured Debt Pursuant to Rule 3012 of the Federal Rules of Bankruptcy Procedure; and (III) Authorizing Repayment of CalGen Secured Debt, entered March 12, 2007 (related document(s)3970, 4031) filed on 03/15/2007 (Docket No. 4038)

363.    Notice of Appeal of Calpine Corporation, et al. of Order Granting Debtors' Limited Objection to Claim Numbers 2664, 3275, 3393 through 3421 (Inclusive), 3546 through 3554 (Inclusive), 3586 through 3588 (Inclusive), 3731, 4073, 5653 through 5730 (Inclusive), 5791, and 5792; (II) Determining the Value of the CalGen Secured Debt Pursuant to Rule 3012 of the Federal Rules of Bankruprtcy Procedure; and (III) Authorizing Repayment of CalGen Secured Debt (related document(s)3970) filed 0n 03/16/2007 (Docket No. 4043)

364.    Letter - Hearing Exhibits Submitted In Connection With February 27, 2007 Hearing On Debtors' Motion For Order (I) Authorizing Debtors To Obtain Replacement Postpetition Financing To (A) Refinance Existing Postpetition Financing And (B) Repay Prepetition Debt; (II) Allowing Debtors' Limited Objection To Claims; And (III) Determining Value Of Secured Claims (related document(s)3883, 3481) filed on March 20, 2007  with (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K# 12 Exhibit L# 13 Exhibit M# 14 Exhibit N# 15 Exhibit O). (Docket No. 4050)

365.    Notice of Appeal of the Official Committee of Unsecured Creditors of Calpine Corporation, et al. (related document(s)3970) filed on 03/20/2007 (Docket No. 4053)

366.    So Ordered Stipulation signed on 2/13/2007 by and Among Calpine Generating Company, LLC, Morgan Stanley Senior Funding, Inc. and Wilmington Trust Company Authorizing the Substitution of Administrative Agent. (Saenz De Viteri, Monica) (Entered: 02/13/2007) (Docket No. 3657)

367.    So Ordered Stipulation signed on 2/13/2007 by and Among Calpine Generating Company, LLC, Morgan Stanley Senior Funding, Inc. and the Bank of New York Authorizing the Substitution of Administrative Agent. Entered: 02/13/2007 (Docket No. 3658)

368.    Notice of Hearing /Notice of Agenda of Matters Scheduled for Hearing on February 27, 2007 at 10:00 A.M. (ET) filed 02/26/2007 (Docket No. 3773)

369.    Statement JOINDER OF WILMINGTON TRUST COMPANY AS ADMINISTRATIVE AGENT AND WILMINGTON TRUST FSB AS INDENTURE TRUSTEE TO EMERGENCY MOTION OF MANUFACTURERS & TRADERS TRUST COMPANY TO ADJOURN HEARING [DKT NO. 3771] (related document(s) 3771) filed on 02/26/2007) (Docket No. 3774)

10361087.1

370.    Amended Notice of Hearing /Notice of Amended Agenda of Matters Scheduled for Hearing on February 27, 2007 at 10:00 A.M. (ET) (related document(s) 3773) filed by Edward Sassower on behalf of Calpine Corporation. with hearing to be held on 2/27/2007 at 10:00 AM at Courtroom 623 (BRL) Entered: 02/26/2007 (Docket No. 3785)

371.    Document (UNDER SEAL) re The Ex Parte Motion of Wilmington Trust Company ... to Compel Production or to Preclude Entry of Evidence and for a continuance of the hearing scheduled for February, 2007; the Affidavits of Anders Maxwell and Stephen Darr in Support of Wilmington Trust Company, Individual Objections to Debtors? Motion for Order: (1) Authorizing Debtors to Obtain Replacement Postpetition Financing to (i) Refinance Existing Postpetition Financing and (ii) Repay Prepetition Debtor; (2) Allowing Debtors? Limited Objection to Claims; and (iii) Determining Value of Secured Claims (related document(s) 3913, 3912). Entered: 03/12/2007 (Docket No. 3967)

372.    Letter dated March 9, 2007 from George A. Davis of Weil, Gotshal & Manges LLP to Judge Lifland regarding the Counter Proposed Order  (Dkt No. 4092)

373.    Letter dated March 9, 2007 from Edward O. Sassower of Kirkland & Ellis LLP to Judge Lifland regarding the proposed Replacement DIP Facility Order and the CalGen Secured Debt Repayment Order **(Annexed hereto as Exhibit A)**

374.    Letter dated March 20, 2007 from Edward O. Sassower of Kirkland & Ellis to Judge Lifland regarding the proposed Amended CalGen Secured Debt Repayment Order **(Annexed hereto as Exhibit B)**

**WILMINGTON TRUST FSB,**
**as Indenture Trustee**
By its attorneys

Date:  March 23, 2007

*/s/ Amanda D. Darwin*
Amanda D. Darwin, Esq. (AD 2719)
Richard C. Pedone, Esq. (Admitted Pro Hac Vice)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
Telephone: (617) 345-1305
Facsimile: (617) 345-1300
Email: rpedone@nixonpeabody.com

and

10361087.1

Christopher M. Desiderio, Esq. (CD 6929)
Nixon Peabody LLP
437 Madison Avenue
New York, NY 10022
Tel. (212) 940-3000
Fax: (212) 940-3111
Email: cdesiderio@nixonpeabody.com

10361087.1